FILED
2021 APR 19 AM 9:40
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PODIUM CORPORATION INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEKKIT GEOLOCATION SERVICES, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. NO. 44)** <br><br> Case No. 2:20-cv-00352-JNP-DAO <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Podium Corporation Inc.'s ("Podium") Motion for Leave to File an Amended Complaint ("Mot.," Doc. No. 44). Having reviewed the parties' written briefs,[1] and for the reasons set forth below, the court GRANTS Podium's motion.

Podium brought this action against Defendant Chekkit Geolocation Services, Inc. ("Chekkit") on June 8, 2020, asserting claims against Chekkit for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, breach of contract, unfair competition, trademark infringement, and copyright infringement. (Compl. ¶¶ 37–92, Doc. No. 2.) Podium alleges Chekkit unlawfully copied and used Podium's intellectual property to sell competing products and services and solicit away Podium's customers. (*See id.* at ¶ 2.) Podium now seeks leave to amend its Complaint to add Chekkit employees Eugene Tagle, Myles Hiebert, Daniel Fayle, Lee Klimpke, and Emily Franz-Lien as defendants and to add claims for intentional

---

[1] Pursuant to Local Rule DUCivR 7-1(f), the court finds oral argument unnecessary and decides the motion based on the parties' written memoranda.

1

interference with Podium's existing and prospective economic relations, civil conspiracy, and aiding and abetting violations of the Computer Fraud and Abuse Act. (Mot. 1–2, Doc. No. 44.) Podium asserts it learned from documents produced in January and February of 2021 that the proposed individual defendants were personally involved in targeting Podium's customers and in the alleged scheme to gain access to Podium's products and services by using a fake identity and forging a fake signature on a contract with Podium. (*Id.* at 2.)

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). Rule 15 instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotation marks omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (internal quotation marks omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend. *Minter*, 451 F.3d at 1207.

Chekkit opposes the motion to amend solely on the ground of futility, arguing (1) the proposed new causes of action fail to state a claim and (2) the proposed amended complaint fails to include sufficient factual allegations to confer the personal jurisdiction over the proposed individual defendants. (Def.'s Mem. in Opp'n to Podium's Mot. for Leave to File an Am. Compl. 3–4, Doc. No. 56.)

Although futility alone is a sufficient basis to deny leave to amend, *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007), it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions. *See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility argument based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss). Particularly where futility arguments are duplicative of arguments which could be raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse," and "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215,

3

2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R&R adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017).

In this case, the futility arguments would be more appropriately addressed in dispositive motions. Chekkit's arguments regarding failure to state a claim and lack of personal jurisdiction are arguments which could be raised in a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(2) (permitting dismissal for lack of personal jurisdiction); Fed. R. Civ. P. 12(b)(6) (permitting dismissal for failure to state a claim upon which relief can be granted). Rather than forcing a Rule 12(b) motion into a Rule 15(a) opposition brief, these arguments would be more properly addressed in the context of a motion to dismiss. This is particularly true where Chekkit does not allege any undue delay, bad faith, or dilatory motive by Podium, and does not assert it would suffer undue prejudice if the amendment were allowed.

For these reasons, the court declines to engage in a futility analysis here. Because Chekkit does not assert any other grounds to deny leave to amend, the court GRANTS Podium's motion to amend (Doc. No. 44). Podium shall file the Amended Complaint in the form found at Doc. No. 44-1 within seven (7) days of the date of this order. Once filed on the docket, the Amended Complaint will be the operative pleading in this case.

DATED this 19th day of April, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge