Keith A. Call (6708)
Robert B. Cummings (13186)
Adam M. Pace (14278)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
kac@scmlaw.com
rbc@scmlaw.com
amp@scmlaw.com

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| PODIUM CORPORATION INC., | **DEFENDANTS EUGENE TAGLE, MYLES HIEBERT, DANIEL FAYLE, LEE KLIMPKE, AND EMILY FRANZ-LIEN'S ANSWER TO AMENDED COMPLAINT** |
| Plaintiff, | |
| v. | Case No. 2:20-cv-00352-JNP-DAO |
| CHEKKIT GEOLOCATION SERVICES, INC., EUGENE TAGLE, MYLES HIEBERT, DANIEL FAYLE, LEE KLIMPKE, AND EMILY FRANZ-LIEN | Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |
| Defendants. | |

Defendants Eugene Tagle, Myles Hiebert, Daniel Fayle, Lee Klimpke, and Emily Franz-Lien (collectively, the "Individual Defendants") hereby respond to Plaintiff Podium Corporation Inc.'s ("Podium") Amended Complaint as follows:

## NATURE OF THE ACTION

1.    Paragraph 1 appears to set forth a legal conclusion to which no response is required. To the extent a response is required, deny.  The Individual Defendants specifically note that several

of the listed claims have been dismissed by Podium or the Court, and deny that Podium is entitled to any of the relief it seeks in the Amended Complaint.

2. Deny.

3. Deny.

4. Individual Defendants admit that Plaintiff appears to seek such relief through the Amended Complaint, but deny that all listed claims remain before the Court and deny that Podium is entitled to any of the relief it seeks in the Amended Complaint.

<u>**PARTIES**</u>

5. Individual Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Amended Complaint and on that basis denies them (hereinafter "Deny for lack of information and belief").

6. Deny for lack of information and belief.

7. Deny.

8. Deny.

9. Admit.

10. Admit.

11. Individual Defendants deny that Dan Fayle is Chekkit's Chief Security Officer. Fayle is Chekkit's Chief Sales Officer.

12. Admit.

13. Admit.

## JURISDICTION AND VENUE

14.    The allegations in Paragraph 14 appear to state a legal conclusion to which no response is required.  To the extent a response is required, Individual Defendants admit that Plaintiff appears to seek such relief but deny that all listed claims remain before the Court; deny that Podium is entitled to any of the relief it seeks in the Amended Complaint; and further deny the remaining allegations.

15.    The allegations in Paragraph 15 appear to state a legal conclusion to which no response is required.  To the extent a response is required, deny.

16.    The allegations in Paragraph 16 appear to state a legal conclusion to which no response is required.  To the extent a response is required, deny.

17.    The allegations in Paragraph 17 appear to state a legal conclusion to which no response is required.  To the extent a response is required, deny.

## STATEMENT OF FACTS

18.    Deny for lack of information and belief.

19.    Deny for lack of information and belief.

20.    The allegations in Paragraph 20 appear to state a legal conclusion to which no response is required.  To the extent a response is required, deny for lack of information and belief.

21.    The allegations in Paragraph 21 appear to state a legal conclusion to which no response is required.  To the extent a response is required, deny for lack of information and belief.

22.    Deny to the extent this allegation is inconsistent with Podium's Terms of Services ("TOS"), which speaks for itself as to its terms.

23.    Deny to the extent this allegation is inconsistent with Podium's TOS, which speaks for itself as to its terms.

24.    Deny to the extent this allegation is inconsistent with Podium's TOS, which speaks for itself as to its terms.

25.    Deny to the extent this allegation is inconsistent with Podium's TOS, which speaks for itself as to its terms.

26.    Deny to the extent this allegation is inconsistent with Podium's TOS, which speaks for itself as to its terms.

27.    Deny.

28.    Deny.

29.    Deny.

30.    Deny.

31.    Admit.

32.    Deny.

33.    Admit that Hiebert's credit card was used to purchase the Podium account. Individual Defendants deny the remaining allegations of Paragraph 33.

34.    Deny.

35.    Deny.

36.    Deny.

37.    Admit.

38.    Deny to the extent this allegation is inconsistent with the identified letter, which speaks for itself as to its contents.

39.    Deny to the extent this allegation is inconsistent with the identified letter, which speaks for itself as to its contents. The Individual Defendants further deny the allegation that they have engaged in any fraudulent or infringing activity.

40.    Deny to the extent this allegation is inconsistent with the identified letter, which speaks for itself as to its contents.

41.    Deny to the extent this allegation is inconsistent with the identified letter, which speaks for itself as to its contents.

42.    Deny.

## **FIRST CAUSE OF ACTION**

43.    Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

44.    This cause of action is not asserted against Individual Defendants.  Furthermore, Paragraph 44 appears to set forth a legal conclusion to which no response is required.  However, to the extent a response is required by Individual Defendants, deny for lack of information and belief.

45.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

46.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

47.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

48.    This cause of action is not asserted against Individual Defendants.  Furthermore,
Paragraph 48 appears to set forth a legal conclusion to which no response is required. However, to
the extent a response is required by Individual Defendants, deny to the extent this allegation is
inconsistent with the referenced statute, which speaks for itself as to its contents.

49.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

50.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

51.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

52.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

53.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

54.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

55.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

56.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

57.    This cause of action is not asserted against Individual Defendants.  However, to the
extent a response is required by Individual Defendants, deny.

## SECOND CAUSE OF ACTION

58.     Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

59.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

60.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

61.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

62.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

## THIRD CAUSE OF ACTION

63.     Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

64.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

65.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

66.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

## **FOURTH CAUSE OF ACTION**

67.     Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

68.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

69.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

70.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

71.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

## **FIFTH CAUSE OF ACTION**

72.     Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

73.     This cause of action has been withdrawn by Podium, and was never asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny for lack of information and belief.

74.     This cause of action has been withdrawn by Podium, and was never asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

75.     This cause of action has been withdrawn by Podium, and was never asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

76.     This cause of action has been withdrawn by Podium, and was never asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

77.     This cause of action has been withdrawn by Podium, and was never asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

78.     This cause of action has been withdrawn by Podium, and was never asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

79.     This cause of action has been withdrawn by Podium, and was never asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

## SIXTH CAUSE OF ACTION

80.     Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

81.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny for lack of information and belief.

82.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

83.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, admit.

84.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

85.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

86.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

87.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

88.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

89.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

## SEVENTH CAUSE OF ACTION

90.     Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

91.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny for lack of information and belief.

92.     This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

93.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, admit.

94.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

95.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

96.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

97.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

98.    This cause of action is not asserted against Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

## EIGHTH CAUSE OF ACTION

99.    Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

100.    Deny for lack of information and belief.

101.    Deny.

102.    Deny.

103.    Deny.

104.    Deny.

105.    Deny.

106.    Deny.

## NINTH CAUSE OF ACTION

107.   Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

108.   This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

109.   This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny

110.   This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny

111.   This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

112.   This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

## TENTH CAUSE OF ACTION

113.   Individual Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

114.   This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

115.   This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

116.   This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

117.    This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

118.    This cause of action has been dismissed by the Court as to the Individual Defendants.  However, to the extent a response is required by Individual Defendants, deny.

## GENERAL DENIAL

Individual Defendants deny each and every allegation in the Amended Complaint that they did not specifically admit, and specifically deny that Podium is entitled to recover the damages or relief requested in the Amended Complaint.

## DEFENSES

Individual Defendants assert the following defenses to the remaining claims of the Amended Complaint remaining against them.  Individual Defendants hereby reserve their right to amend and/or supplement these defenses as further information becomes available through discovery or other means.

## FIRST DEFENSE

Podium's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Podium's claims may be barred in whole or in part because Podium failed to mitigate its damages, to the extent that it has any.

## THIRD DEFENSE

Podium's claims may be barred in whole or in part because Podium's damages, if any, were caused by third parties over whom Chekkit had no control.

## FOURTH DEFENSE

Podium's claims may be barred in whole or in part because Podium's damages, if any, were caused by Podium, and not by any action of Individual Defendants.

## FIFTH DEFENSE

Podium's claims may be barred in whole or in part because Podium's damages, if any, were not proximately or legally caused by or were not the result of any action or omission of Individual Defendants.

## SIXTH DEFENSE

Podium's claims may be barred in whole or in part because Podium's alleged damages are speculative and inherently uncertain.

## SEVENTH DEFENSE

Podium's claims may be barred in whole or in part by the doctrines of unclean hands and waiver.

## EIGHTH DEFENSE

Podium's claims may be barred in whole or in part by the doctrine of estoppel.

## NINTH DEFENSE

Podium's claims may be barred in whole or in part by the doctrine of ratification.

## TENTH DEFENSE

Podium has not suffered any compensable injury as a result of the conduct complained of in the Amended Complaint.

## ELEVENTH DEFENSE

Individual Defendants have acted in a lawful and good faith manner and, accordingly, Podium is not entitled to punitive or exemplary damages.

## TWELFTH DEFENSE

Podium's claims are barred by the doctrine of fair competition.

## THIRTEENTH DEFENSE

Podium's claims are barred by the First Amendment to the United States Constitution.

## FOURTEENTH DEFENSE

Podium's claims are barred because the alleged use of trademarked material, if proven, was fair use.

## RESERVATION OF RIGHT TO AMEND

Individual Defendants make their answer to the Amended Complaint based on information reasonably known to them at this time. Individual Defendants reserve the right to amend any or all of their responses herein, including their admissions or denials, and to eliminate or add affirmative defenses as they become known to Individual Defendants.

## ANSWER TO PRAYER FOR RELIEF

Individual Defendants deny that Podium is entitled to any of the relief it seeks in the Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Individual Defendants pray for judgment as follows:

1. That Podium take nothing by way of the Amended Complaint;

2. That Individual Defendants be awarded their costs and attorney fees in defending this action; and

3. That Individual Defendants be awarded any such further and other relief as this Honorable Court deems just and proper.

## **RELIANCE ON JURY DEMAND**

The Individual Defendants provide notice that they intend to rely on Plaintiff's jury demand as to all claims and Plaintiff's representation that the requisite fee has been paid.

Dated this 20th day of December, 2021.

SNOW CHRISTENSEN & MARTINEAU

*/s/ Adam M. Pace*
Keith A. Call
Robert B. Cummings
Adam M. Pace

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2021, I caused a true and correct copy

of the foregoing **DEFENDANTS EUGENE TAGLE, MYLES HIEBERT, DANIEL FAYLE,**

**LEE KLIMPKE, AND EMILY FRANZ-LIEN'S ANSWER TO AMENDED COMPLAINT**

to be e-filed, which served the following:

> Anthony J. Weibell
> Ava Renee-Miller Shelby
> Charles A. Talpas
> Dylan J. Liddiard
> WILSON SONSINI GOODRICH & ROSATI PC
> 650 Page Mill Road
> Palo Alto, CA 94304
> aweibell@wsgr.com
> ashelby@wsgr.com
> ctalpas@wsgr.com
> dliddiard@wsgr.com
>
> J. Derek Kearl
> HOLLAND & HART LLP
> 222 S. Main Street, Suite 2200
> Salt Lake City, Utah 84101
> jdkearl@hollandhart.com

*/s/ Annette D. Gamero*