UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PODIUM CORPORATION INC.,<br><br>      Plaintiff,<br><br>v.<br><br>CHEKKIT GEOLOCATION SERVICES INC.,<br>EUGENE TAGLE, MYLES HIEBERT,<br>DANIEL FAYLE, LEE KLIMPKE, and<br>EMILY FRANZ-LIEN,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SHORT FORM DISCOVERY MOTIONS (DOC. NOS. 191 & 192)**<br><br>Case No. 2:20-cv-00352<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Podium Corporation Inc. ("Podium") brought this action against Chekkit Geolocation Services Inc. ("Chekkit")—a competing software company—and current and former employees of Chekkit, alleging these defendants stole Podium's intellectual property and used it to target Podium's customers. (*See* Am. Compl. ¶ 2, Doc. No. 83.) Defendants filed two discovery motions seeking to compel Podium to supplement its discovery responses. (Doc. Nos. 191 & 192.) For the reasons stated at the hearing on May 18, 2022, (*see* Doc. No. 200), and explained below, the motions are granted in part and denied in part.

As an initial matter, Podium argues the motions are untimely. Podium notes the responses at issue were served between six and sixteen months ago, and it contends Defendants failed to promptly raise these issues with Podium as required under the Local Rules of Civil Practice. *See* DUCivR 37-1(a)(2). Defendants argue the motions are timely because they were

1

filed before the close of fact discovery, and they raised these issues after obtaining new counsel in the fall of 2021.

Although these motions were not brought promptly under the local rules, the delay is excusable where Defendants obtained new counsel midway through the discovery period. Accordingly, these motions are treated as timely. However, Defendants are expected to promptly address discovery disputes going forward.

A. **Defendants' Short Form Discovery Motion to Compel Responses to Discovery Regarding Damages (Doc. No. 191)**

Defendants argue Podium's responses to Interrogatory No. 2 and Request for Production ("RFP") Nos. 23, 25, 26, and 27 are inadequate. Defendants ask the court to compel Podium to supplement its responses and to identify by Bates number the documents it produced in response to each discovery request.

Interrogatory No. 2

Interrogatory No. 2 asks Podium to "[i]dentify every Podium customer Podium contends Chekkit targeted through Podium's webchat widget," including "(a) the date(s) of the alleged targeting; (b) the content of any alleged message sent by Chekkit to the Podium customer; and (c) the contact information for every Podium customer allegedly targeted." (Doc. 199-1 at 5.) Podium objected based on relevance and produced documents in response, with the contact information of the customers redacted. (*See id.*; Opp'n to Defs.' Mot., Doc. No. 193.) Defendants contend Podium's relevance objection is unfounded, and it argues Podium must identify by Bates number the documents it produced in response to this interrogatory. Podium argues: (1) it is not required to identify which documents it produced, and (2) the customer contact information is irrelevant.

2

Rule 33 of the Federal Rules of Civil Procedure provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) *specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could* . . . .

Fed. R. Civ. P. 33(d) (emphasis added). This rule is not satisfied by a "wholesale dumping of documents." *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (internal quotation marks omitted). Instead, "the responding party must specify which records contain the information sought by the interrogatory." *Id.* (internal quotation marks omitted).

The motion is granted in part and denied in part as to Interrogatory No. 2. Podium has not specified the responsive documents in sufficient detail to enable Defendants to locate them and identify them. Accordingly, Podium must identify by Bates number the documents it produced in response to Interrogatory No. 2. However, Podium is not required to identify customer contact information because Defendants have not explained how this information is relevant to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1) (providing discovery must be "relevant to any party's claim or defense").

RFP No. 23

RFP No. 23 seeks "[d]ocuments sufficient to show all customers that have left Podium since January 1, 2016." (Doc. 199-2 at 8.) Defendants' prior counsel agreed to narrow this request to "documents sufficient to show the number and percentage of its customers that left Podium on a monthly basis from January 1, 2016 to the present." (*See* Doc. No. 98 at 7.) Podium was ordered previously to produce documents responsive to this narrowed request. (*Id.*

at 9.)  Podium produced a spreadsheet, and the court ruled the spreadsheet was a sufficient response to RFP No. 23, as narrowed.  (Doc. No. 138 at 3.)  Although Defendants' motion seeks a supplemental production of documents, at the hearing, Defendants' counsel conceded Podium's production was sufficient based on prior defense counsel's stipulation and the court's prior orders.  But Defendants requested that Podium be required to identify the spreadsheet it produced in response to this request.

The motion is denied insofar as it requests a supplemental production of documents in response to RFP No. 23.  However, Podium must identify by Bates number the spreadsheet it produced in response to this request.

RFP No. 25

RFP No. 25 requests "[a]ll of Podium's monthly, quarterly, and annual financial statements including but not limited to income statements, balance sheets, cash flow statements, profit and loss statements and tax returns from January 1, 2016 to the present."  (Doc. 199-3 at 6.)  Podium objected based on relevance and overbreadth and stated it would not produce documents.  (*Id.*)  Defendants argue they are entitled to see Podium's financial statements because Podium is claiming lost profits as damages.  Podium argues this request seeks far more information than is necessary to mount a defense and is not proportional to the needs of the case.

The motion is granted as to the request for income statements and profit and loss statements.  These documents are relevant to Podium's claim for damages.  The motion is denied without prejudice as to all other categories of financial statements requested in RFP No. 25 because Defendants have not articulated how the other categories are relevant to Podium's claim of lost profits or any other claim or defense.

RFP No. 26

RFP No. 26 seeks "[d]ocuments that evidence, constitute, concern, refer to, relate to, or show that Chekkit's alleged unauthorized use of the Podium Marks caused confusion, mistake, or deception in others as to the affiliation, connection, or association of Chekkit's products and services with Podium's products and services, and/or the origin, sponsorship or approval of these products and services by Podium." (Doc. 199-4 at 4–5.)  Podium objected on various grounds, (*id.*), but Podium now represents it is not withholding documents based on its objections.

The motion is denied insofar as it seeks production of additional documents in response to RFP No. 26.  However, for clarity of the record, Podium is ordered to supplement its response to state whether documents are being withheld.

RFP No. 27

RFP No. 27 seeks "[d]ocuments which constitute the entire client file for each Podium customer Podium alleges left Podium for Chekkit due to Chekkit's alleged bad acts as set forth in the Amended Complaint including but not limited to EBR call notes, any and all call transcripts, all entries into the Salesforce system, and Slack messages." (Doc. 199-4 at 5.)  Podium objected on various grounds and agreed to produce only "documents sufficient to show when and which customers left for Chekkit." (*Id.* at 5–6.)  Defendants argue the entire client files are relevant to the calculation and causation of Podium's alleged damages because they may reveal clients left Podium for reasons unrelated to Chekkit's alleged wrongdoing.  Podium contends these files include voluminous irrelevant documents and the request is overbroad temporally, because it includes documents predating Chekkit's existence.  At the hearing, Podium argued client

communications with Podium regarding technological issues, contract negotiations, and product features are irrelevant to this case.

The motion is granted as to RFP No. 27.  The requested client files are relevant to causation and damages, for the reasons Defendants identified.  The request is not overbroad temporally; clients may have left Podium for reasons unrelated to Chekkit and predating Chekkit's existence, such as dissatisfaction with Podium's services.  And Podium failed to identify any category of documents in the client file which would be irrelevant to a client's potential reasons for leaving Podium.  Communications regarding technological issues, contract negotiations, and product features are relevant because they could reveal a client's reasons choosing a different provider.  Therefore, Podium must produce the entire client files requested in RFP No. 27.

Identification of Responsive Documents

Defendants ask the court to compel Podium to identify by Bates number any documents it has already produced in response to the above discovery requests.  Podium argues it produced the documents as they are kept in the ordinary course of business, and it claims identifying the documents produced in response to each request would be unduly burdensome.

Rule 34 of the Federal Rules of Civil Procedure provides:

Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information: (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms . . . .

Fed. R. Civ. P. 34(b)(2)(E).  The purpose of this rule is to "facilitate production of records in a useful manner and to minimize discovery costs."  *Spencer v. Delphi Auto. Sys., LLC*, No. 2:16-cv-00427, 2019 U.S. Dist. LEXIS 206569, at \*4 (D. Utah Nov. 26, 2019) (unpublished) (internal quotation marks omitted).  "[W]hen the requested documents are voluminous, the responding party has an obligation to organize the documents in such a manner that the requesting party may determine, with reasonable effort, which documents are responsive to its requests."  *White v. Wiseman*, No. 2:16-cv-01179, 2020 U.S. Dist. LEXIS 119121, at \*5 (D. Utah July 6, 2020) (unpublished).

The motion is granted insofar as it seeks to compel Podium identify documents produced in response to each request.  At the hearing, Podium indicated it has produced over 1400 documents comprising thousands of pages, which are organized by custodian and type of document (such as emails and Slack messages).  This production is voluminous, and Podium has not shown the documents are organized in such a manner that Defendants may determine which documents are responsive to each request.  Podium also has not demonstrated identifying Bates ranges produced in response to each request would cause an undue burden.  Without such identification, neither Defendants nor the court can determine whether Podium has adequately responded to the discovery requests.  For these reasons, Podium must identify by Bates number the documents it has produced in response to each request.

## B. Chekkit's Short Form Discovery Motion to Compel Responses to Discovery for Lack of Specificity (Doc. No. 192)

Chekkit argues the use of certain language in Podium's discovery responses and objections renders the responses deficient.  Chekkit asks the court to either deem Podium's

objections waived or compel Podium to supplement its responses.  Chekkit also asks the court to

order Podium to verify it conducted a reasonably diligent search for responsive documents.

"And/or" Language Referring to Privileged Information

Podium objected to RFP Nos. 2, 5–13, 15, 16, 19–22, 24, and 26 on grounds that the

requests seek information protected from disclosure by "the attorney-client privilege and/or

work-product doctrine." (*E.g.*, Doc. 199-1 at 9.)  Podium's responses state Podium "will

produce non-privileged documents" responsive to these requests.  (*Id.*)  Chekkit argues Podium's

the use of "and/or" lacks the specificity required under Rule 34(b)(2)(B).  Chekkit also noted in

its motion that Podium did not produce a privilege log.  In its opposition, Podium stated it had

not withheld any documents due to privilege.  (Doc. No. 194.)  Additionally, the day before the

hearing, Podium produced a privilege log identifying withheld documents and the basis for the

privilege claimed for each document.

Rule 34 provides: "For each item or category, the response must either state that

inspection and related activities will be permitted as requested or state with specificity the

grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  "An

objection must state whether any responsive materials are being withheld on the basis of that

objection."  Fed. R. Civ. P. 34(b)(2)(C).

The motion is granted in part and denied in part as to this issue.  Any ambiguity or lack of

specificity in Podium's privilege objections can be remedied with a privilege log, and there is no

basis to find these objections waived.  However, Podium's responses are deficient because they

do not state whether any responsive materials are being withheld on the basis of this objection.

Podium must supplement its responses to indicate whether responsive documents are being

withheld on the basis of privilege, and it must produce a privilege log for any withheld documents.

<u>"To the extent" Language</u>

Podium used the phrase "to the extent" in its objections to RFP Nos. 12, 24, 26, and 27.[1] Chekkit argues this language is prohibited, citing *Smash Technology, LLC v. Smash Solutions, LLC*, 335 F.R.D. 438, 446–47 (D. Utah 2020).  Chekkit asks the court to order Podium to supplement its responses to remove this phrase.

The motion is denied as to this issue.  As noted, Rule 34 requires a response to "state with specificity the grounds for objecting."  Fed. R. Civ. P. 34(b)(2)(B).  However, the mere use of the phrase "to the extent" does not automatically render an objection unintelligible or nonspecific.  *But cf. Smash Tech.*, 335 F.R.D. at 447 ("[T]he 'to the extent that' moniker does not satisfy the specificity requirement because the objecting party is not even definitively contending that there is an actual, objection-worthy problem in the request.").  The grounds for Podium's objections to RFP Nos. 12, 24, 26, and 27 are clear despite Podium's use of the phrase "to the

---

[1] Podium objected to RFP No. 12 "to the extent that the information requested is in Chekkit's possession, custody, or control, and is equally available to Chekkit."  (Doc. 199-1 at 13.)

Podium objected to RFP No. 24 "to the extent it is duplicative of Chekkit's [RFP No.] 1" and "to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work-product doctrine."  (Doc. 199-3 at 5.)

Podium objected to RFP No. 26 "to the extent that it calls for legal conclusions[] and seeks information already in Chekkit's possession and control that can be obtained by Chekkit with minimal burden on either party" and "to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work-product doctrine."  (Doc. 199-4 at 5.)

Podium objected to RFP No. 27 "to the extent that it is rendered vague and ambiguous by its use of the undefined 'entire client file.'"  (Doc. 199-4 at 5.)

extent." Requiring Podium to remove this phrase from its responses would not clarify the objections; it would be purely semantic and place form over function. Podium is not required to supplement its responses to remove this language.

### Objection that Information is Equally Available to Chekkit

Podium objected to Interrogatory Nos. 5–7 and RFP Nos. 5 and 7–10 on grounds that the information requested was equally available to Chekkit. (*E.g.*, Doc. 199-1 at 10.) Chekkit argues this objection is improper and should be deemed waived. At the hearing, Podium stated it was not withholding any documents based on this objection, and Chekkit indicated this resolved the issue. For clarity of the record, Podium must supplement its responses to confirm no documents are being withheld.

### Statement that Podium "Will Produce" Documents

Podium's responses to Interrogatory Nos. 1–5 and 7 and RFP Nos. 1–3, 5–14, 17–22, 26, and 27 state that Podium "will produce" responsive documents. (*See* Doc. Nos. 199-1 to 199-4.) Chekkit argues these responses are insufficient because they do not state whether Podium has, in fact, produced responsive documents, and Chekkit seeks to compel Podium to identify by Bates number the documents produced in response to each request.

The motion is granted as to this issue. For the reasons explained above, Podium must identify by Bates number the documents produced in response to each discovery request.

### Verification of "Reasonably Diligent Search"

In response to Interrogatory Nos. 1–5 and 7, Podium stated it would produce documents located by a "reasonably diligent search." (Doc. No. 199-1 at 4–8.) Chekkit seeks to compel

Podium to verify that a reasonably diligent search has occurred, noting the Defendants were previously ordered to provide a similar verification.

The motion is denied as to this issue. Chekkit's request for verification seeks discovery on discovery, which is permitted only "where there is reasonable doubt about the sufficiency of a party's response." *Dalton v. Town of Silver City*, No. 17-1143, 2021 U.S. Dist. LEXIS 181328 at *14 (D.N.M. Sep. 22, 2021) (unpublished). This requires an adequate factual basis, not mere speculation. *See Gross v. Chapman*, No. 19 C 2743, 2020 U.S. Dist. LEXIS 133008 at *6 (N.D. Ill. July 28, 2020) (unpublished). Chekkit has offered no factual basis supporting reason to doubt the sufficiency of Podium's search for documents. Defendants were previously ordered to provide verification of a reasonably diligent search because Podium offered evidence suggesting responsive documents existed which Defendants had not produced, and Defendants' counsel admitted he made no effort to verify whether his clients conducted an adequate search. (*See* Doc. No. 169 at 5–6; Doc. 189 at 5.) But Chekkit has not made any such showing here. Where Chekkit has not provided any reason to doubt the sufficiency of Podium's response, Podium is not required to provide verification of its search efforts. Nevertheless, Podium indicated it is willing to provide further information to Defendants regarding its search, and the parties are directed to confer on this issue.

CONCLUSION

Defendants' discovery motions, (Doc. Nos. 191 and 192), are granted in part and denied in part, and the court ORDERS as follows:

1.      Podium must identify by Bates number the documents it produced in response to Interrogatory Nos. 1–5 and 7 and RFP Nos. 1–3, 5–14, 17–23, and 25–27.

2.      Podium must supplement its responses to state whether documents are being withheld for Interrogatory Nos. 5–7 and RFP Nos. 2, 5–13, 15, 16, 19–22, 24, and 26.

3.      Podium must produce the income statements and profit and loss statements requested in RFP No. 25.

4.      Podium must produce the entire client files requested in RFP No. 27.

DATED this 1st day of June, 2022.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge