UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PODIUM CORPORATION INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEKKIT GEOLOCATION SERVICES INC., EUGENE TAGLE, MYLES HIEBERT, DANIEL FAYLE, LEE KLIMPKE, and EMILY FRANZ-LIEN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AS TO INDIVIDUAL DEFENDANTS (DOC. NO. 174) AND GRANTING DEFENDANTS' SHORT FORM DISCOVERY MOTION TO DEEM LATE DISCOVERY RESPONSES AND OBJECTIONS TIMELY (DOC. NO. 186)** <br><br> Case No. 2:20-cv-00352 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff and Defendants have both filed short form discovery motions addressing the timeliness of Defendants' discovery responses and objections. In a motion filed February 10, 2022, Plaintiff Podium Corporation Inc. ("Podium") argued all objections asserted by the individual defendants[1] were waived because they served their discovery responses seven days late. ("Pl.'s Mot." 2, Doc. No. 174.) The court held a hearing, (see Doc. No. 187), ruled on the other issues raised in the motion, (see Doc. No. 189), and took the waiver issue under advisement, (id. at 1). Separately, Defendants filed a Short Form Discovery Motion to Deem Late Discovery Responses and Objections as Timely Nunc Pro Tunc. ("Defs.' Mot.," Doc. No.

---

[1] Podium's motion specifically addressed discovery responses from Defendants Eugene Tagle, Myles Hiebert, Daniel Fayle, and Lee Klimpke.

1

186.) Defendants ask the court to deem two sets of late discovery responses timely: (1) the individual defendants' responses to Podium's first set of discovery requests to those defendants, and (2) Defendant Chekkit Geolocation Services, Inc.'s ("Chekkit") response to Podium's fourth set of requests for production of documents to Chekkit. (*Id.* at 1–2.) Podium opposes this motion. ("Pl.'s Opp'n," Doc. No. 188.)

As explained below, Defendants have shown good cause to excuse their failure to timely object to the discovery requests at issue. Accordingly, Defendants' motion is granted, and Podium's motion is denied in part (as to Podium's request to deem the objections waived).

BACKGROUND

Podium brought this action against Chekkit and the individual defendants (current and former employees of Chekkit), alleging the defendants stole Podium's intellectual property and used it to target Podium's customers. (*See* Am. Compl. ¶ 2, Doc. No. 83.) Defendants were initially represented by counsel from the law firm of Armstrong Teasdale LLP, but they changed counsel twice during the fact discovery period. On October 28, 2021, counsel from the law firm of Parr Brown Gee & Loveless substituted as defense counsel. (Doc. No. 146.) On December 1, 2021, counsel from the law firm of Snow Christensen & Martineau substituted as defense counsel, and they continue to represent Defendants. (Doc. No. 162.)

Podium served its first set of requests for documents and interrogatories on the individual defendants on September 9, 2021. (*See* Defs.' Mot. 1–2, Doc. No. 186.) The individual defendants served their responses and objections on October 18, 2021—six days after the

response deadline of October 12, 2021.[2]  (*See id.* at 2.)  Defendants state they "are unsure why prior counsel produced their response and objections after the deadline and can only surmise that the delay was due to Armstrong Teasdale initially beginning to transfer this complex matter to Parr Brown."  (*Id.*)

Podium served its fourth set of requests for production of documents on Chekkit on October 12, 2021.  (*Id.*)  Chekkit's responses were due November 14, 2021.[3]  According to Defendants, "[n]either Chekkit nor current counsel were aware of these requests until Friday, January 14, 2022, when counsel discovered the requests in prior counsel's file as counsel was preparing for a meet and confer with Podium's counsel."  (*Id.*)  Chekkit explains its current counsel "had technological issues with gaining access to Armstrong Teasdale's review database."  (*Id.*)  Chekkit also states the requests at issue primarily seek financial information, and "Defendants believe they have already produced such information."  (*Id.*)  Defendants' motion does not specify when it responded to the fourth set of requests, but Podium indicates Chekkit's responses and objections were served eighty-four days late.  (Pl.'s Opp'n 2, Doc. No. 188.)

---

[2] The parties state the response deadline was October 11, 2021, and the responses were seven days late.  (*See* Defs.' Mot. 2, Doc. No. 186; Pl.'s Opp'n 2, Doc. No. 188.)  However, October 11, 2021 was a legal holiday; therefore, the response deadline was actually October 12, 2021.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] The date which fell thirty days after service of the requests—November 11, 2021—was a legal holiday, and the following two days were a weekend.

## LEGAL STANDARDS

Rule 33 of the Federal Rules of Civil Procedure governs interrogatories, and Rule 34 governs requests for production of documents. Both rules require responses and objections to be made within thirty days. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2). Rule 33 provides that any ground for objecting to an interrogatory "not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Although Rule 34 does not contain an equivalent provision, courts have held the same standard applies to untimely objections to requests for production. *See, e.g.*, *Fifth Third Bank v. KCII Insure Servs., LLC*, No. 11-CV-2101, 2011 U.S. Dist. LEXIS 136160, at *4 (D. Kan. Nov. 28, 2011) (unpublished). In determining whether good cause exists to excuse untimely objections, courts consider factors including "the length of the delay, the reason for the delay, bad faith, prejudice to the propounding party, the appropriateness of the requests, and whether the waiver would result in an excessively harsh result." *Rulo v. Ricoh Ams. Corp.*, No. 15-cv-00736, 2015 U.S. Dist. LEXIS 145741, *5 (N.D. Cal. Oct. 27, 2015) (unpublished) (internal quotation marks omitted).

Both parties also cite Rule 6, which permits a court to extend deadlines for "good cause" and, if a motion is made after the deadline has expired, upon a showing "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). However, Rule 33 does not require a showing of excusable neglect in order to excuse a party's failure to timely object to discovery requests. Moreover, Rule 6 seems a poor fit for these motions, where Podium seeks a finding of waiver under Rule 33, and Defendants merely seek to deem the late responses timely rather than

4

specifying the length of the extension sought for Chekkit. Under these circumstances, Rule 33 is more applicable than Rule 6.

## ANALYSIS

Defendants have shown good cause to excuse their failure to timely object to the discovery responses at issue. The individual defendants' discovery response deadline fell shortly before the case was transferred to new counsel, and Defendants surmise the six-day delay in responding was related to this change of counsel. Although the precise reasons for the untimely response are presumably known only to prior counsel, and thus unavailable to Defendants, the individual defendants have provided a reasonable explanation for the delay. In a case involving extensive discovery and numerous rounds of discovery requests, this six-day delay does not reflect bad faith or a lack of diligence in responding to discovery. The delay was short, and Podium does not allege any prejudice as a result. Under these circumstances, good cause exists to excuse the individual defendants' six-day delay in asserting objections.

Likewise, Chekkit provides a reasonable explanation for its delay in responding to Podium's fourth set of requests for production, based on new counsel's difficulty in accessing prior counsel's files. Although the delay was longer in this instance, the record reflects Chekkit acted diligently to respond once new counsel became aware of the outstanding requests. There is no evidence of bad faith, and Podium does not allege any prejudice. Accordingly, good cause exists to excuse Chekkit's untimely objections to the fourth set of discovery requests.

Podium argues a change of counsel does not constitute good cause for failure to timely respond to discovery requests, citing *Farha v. Idbeis*, No. 09-1059-JTM, 2010 U.S. Dist. LEXIS 82578 (D. Kan. Aug. 10, 2010) (unpublished). But in *Farha*, the requesting party sent several

written letters to the new counsel regarding the failure to respond and yet, the new counsel still failed to respond until weeks after the requesting party filed a motion to compel. *Id.* at *14–15. Under these circumstances, the court found new counsel had not shown due diligence in providing timely responses, and the failure to timely respond after multiple written warnings was not excusable. *Id.* at *16–18. In this case, by contrast, there is no record of significant delay after multiple written warnings.

## CONCLUSION

Because good cause exists to excuse Defendants' failure to timely object, Defendants' objections to the discovery requests at issue are not waived. Defendants' motion, (Doc. No. 186), is GRANTED. Podium's motion, (Doc. No. 174) is DENIED in part, to the extent Podium requests that Defendants' objections be deemed waived.

DATED this 13th day of June, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge