UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PODIUM CORPORATION INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CHEKKIT GEOLOCATION SERVICES INC., EUGENE TAGLE, MYLES HIEBERT, DANIEL FAYLE, LEE KLIMPKE, and EMILY FRANZ-LIEN,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO IDENTIFY BY BATES NUMBERS DOCUMENTS RESPONSIVE TO PODIUM'S DISCOVERY REQUESTS (DOC. NO. 202)**<br><br>Case No. 2:20-cv-00352<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Podium Corporation Inc. ("Podium") brought this action against Chekkit Geolocation Services Inc. ("Chekkit")—a competing software company—and current and former employees of Chekkit, alleging these defendants stole Podium's intellectual property and used it to target Podium's customers. (*See* Am. Compl. ¶ 2, Doc. No. 83.) Podium now moves to compel Defendants to identify by Bates number documents responsive to its discovery requests.[1] ("Mot.," Doc. No. 202.) Defendants oppose the motion, arguing this would impose an undue burden. ("Opp'n," Doc. No. 205.) For the reasons explained below, the court grants Podium's

---

[1] Specifically, Podium seeks identification of documents responsive to (1) Plaintiff's Interrogatories to Chekkit Nos. 13, 14, and 24; (2) Plaintiff's Interrogatories to Daniel Fayle Nos. 13 and 14; (3) Plaintiff's Interrogatories to Myles Hiebert Nos. 13 and 14; and (4) any of Podium's requests for production for which either Chekkit or an individual defendant agreed to produce documents.

1

motion and orders Defendants to identify by Bates number the documents responsive to each request.

Defendants previously made a similar request of Podium, moving to compel Podium to identify by Bates number the documents produced in response to Defendants' discovery requests. (*See* Doc. Nos. 191 & 192.) The court granted the motions as to this issue and ordered Podium to identify the documents responsive to each request. (*See* Doc. No. 203.) Podium now seeks to compel Defendant to make equivalent identifications. According to Podium, Defendants have produced roughly 68,000 documents, of which at least 62,500 are "the same canned message that Defendants were sending to [Podium's] customers." (Mot. 3, Doc. No. 202.) Podium argues Defendants are in a better position to sort through the remaining documents and identify which documents are responsive to each discovery request. (*Id.*)

Defendants argue they are not similarly situated to Podium and should not be required to identify responsive documents by Bates number. (Opp'n 1–2, Doc. No. 205.) Defendants note they changed legal representation in December 2021, after more than 150,000 pages of documents had been produced. (*Id.* at 2.) According to Defendants, Podium had produced fewer than 3,000 pages at the time Defendants requested identification of responsive documents. (*Id.*) Defendants state their current counsel has no access to prior counsel's work product and, therefore, would need to review all of these documents to reconstruct prior counsel's reasoning. (*Id.*) Defendants estimate this process would require more than 500 hours of attorney time and would impose an undue burden. (*Id.*)

Defendants must identify by Bates number the documents produced in response to Podium's requests, for the same reasons Podium was required to make such identifications. If a

party answers an interrogatory by producing documents, Rule 33 of the Federal Rules of Civil Procedure requires the responding party to "specify[] the records . . . in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). This rule is not satisfied by a "wholesale dumping of documents." *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (internal quotation marks omitted). Instead, "the responding party must specify which records contain the information sought by the interrogatory." *Id.* (internal quotation marks omitted). Defendants have not demonstrated they specified the documents produced in response to Podium's interrogatories in sufficient detail to enable Podium to locate and identify them. The fact that Defendants have changed counsel does not relieve them of their obligations under Rule 33. Therefore, Defendants must identify by Bates number the documents produced in response to each interrogatory.

As to requests for production, Rule 34 of the Federal Rules of Civil Procedure requires a party to "produce documents as they are kept in the usual course of business or [to] organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). The purpose of this rule is to "facilitate production of records in a useful manner and to minimize discovery costs." *Spencer v. Delphi Auto. Sys., LLC*, No. 2:16-cv-00427, 2019 U.S. Dist. LEXIS 206569, at *4 (D. Utah Nov. 26, 2019) (unpublished) (internal quotation marks omitted). "[W]hen the requested documents are voluminous, the responding party has an obligation to organize the documents in such a manner that the requesting party may determine, with reasonable effort, which documents are responsive to its requests." *White v. Wiseman*, No. 2:16-cv-01179, 2020 U.S. Dist. LEXIS 119121, at *5 (D. Utah July 6, 2020) (unpublished).

Defendants' production is voluminous, and they offer no explanation regarding how the production was organized. They do not assert they produced the documents as kept in the usual course of business, and they have not demonstrated the documents are organized in such a manner that Podium may determine which documents are responsive to each request. Further, although Defendants claim reviewing 150,000 pages would be unduly burdensome, they do not dispute that the vast majority of their production consists of a "canned message" to Podium customers. Defendants have not explained why 500 attorney hours would be required to review these duplicative messages or the remaining documents. In any event, the burden of reviewing their own production does not relieve Defendants of their obligations under Rule 34. Therefore, Defendants must also identify by Bates number the documents produced in response to each request for production.

## CONCLUSION

Podium's motion, (Doc. No. 202), is GRANTED. Defendants must identify by Bates number the documents they produced in response to the interrogatories specified in the motion and any requests for production for which either Chekkit or an individual defendant agreed to produce documents.

DATED this 21st day of June, 2022.

BY THE COURT:

_/s/ Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge