UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PODIUM CORPORATION INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEKKIT GEOLOCATION SERVICES INC., EUGENE TAGLE, MYLES HIEBERT, DANIEL FAYLE, LEE KLIMPKE, and EMILY FRANZ-LIEN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO EXTEND FACT DISCOVERY AND ALLOW 30(b)(6) DEPOSITION OF PLAINTIFF (DOC. NO. 197)** <br><br> Case No. 2:20-cv-00352 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Defendants move to extend the fact discovery deadline and subsequent deadlines by thirty days and for an order allowing them to conduct a Rule 30(b)(6) deposition of Plaintiff Podium Corporation Inc. ("Podium"). ("Mot.," Doc. No. 197.) Podium opposes the motion. ("Opp'n," Doc. No. 201.) For the reasons explained below, the motion is granted.

BACKGROUND

Fact discovery closed on May 31, 2022.[1] (*See* Third Am. Scheduling Order, Doc. No. 160.) On April 29, 2022, Defendants served a notice for a Rule 30(b)(6) deposition of Podium. (Ex. B to Mot., Doc. No. 197-2.) On May 4, Podium responded that it would not appear for the deposition because the notice was not served at least forty-five days before the fact discovery deadline, as required by Rule 30-2 of the Local Rules of Civil Practice. (Ex. C to Mot., Doc. No. 197-3.) Later that day, Defendants served notice of the depositions of seven current and former

---

[1] The deadline stated in the scheduling order, May 30, 2022, was a legal holiday.

1

Podium employees, but offered to forego these depositions if Podium agreed to a 30(b)(6) deposition. (*See* Opp'n 2, Doc. No. 201.) The parties conferred regarding the depositions during the following week. On May 11, Podium requested an amended 30(b)(6) notice, which Defendants provided. (Ex. D to Mot., Doc. No. 197-4.) On May 13, Podium notified Defendants it would not agree to a 30(b)(6) deposition, stating it would be unable to prepare a witness before the fact discovery deadline. (Ex. E to Mot., Doc. No. 197-5.) Defendants filed the instant motion the same day. (Doc. No. 197.) According to Podium, as of May 20, it had confirmed dates for six of the seven individual depositions and intended to make all seven available before the fact discovery deadline. (Opp'n 2–3, Doc. No. 201.)

ANALYSIS

Rule 16 of the Federal Rules of Civil Procedure provides a scheduling order may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order to extend discovery "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

Defendants argue an extension of the fact discovery deadline is justified, to permit a 30(b)(6) deposition of Podium. Defendants note Podium initiated this lawsuit and deposed each of the defendants, including taking a 30(b)(6) deposition of Chekkit Geolocation Services, Inc. (Mot. 3, Doc. No. 197.) Defendants also contend Podium was still producing documents after the 30(b)(6) notice was served, including nearly 400 documents responsive to discovery requests served eighteen months earlier. (*Id.* at 3 n.2, Doc. No. 197.)

In opposition, Podium argues Defendants failed to provide reasonable justification for missing the deadline under the local rules to serve the deposition notice. (Opp'n 2, Doc. No.

201.) Podium notes the discovery deadline has already been extended twice. (*Id.*) And Podium argues it will suffer substantial prejudice if the extension is granted because it made seven witnesses available for depositions before the May 31 fact discovery deadline, at considerable effort and expense. (*Id.* at 3.)

Defendants have shown good cause to extend the fact discovery deadline to permit a 30(b)(6) deposition of Podium. Defendants served the 30(b)(6) notice only two weeks after the deadline in the local rules, and a month before the fact discovery deadline. Although Podium argues Defendants could have scheduled a 30(b)(6) deposition earlier, Podium does not dispute it was still producing hundreds of documents requested much earlier in the case around the time the notice was served—documents potentially relevant to a 30(b)(6) deposition. Defendants made good faith attempts to resolve the dispute with Podium, including providing an amended 30(b)(6) notice upon request, and Defendants promptly filed this motion when it became clear Podium would not agree to the deposition or an extension of the fact discovery deadline. Moreover, Podium has not demonstrated it would suffer any prejudice as a result of extending the fact discovery deadline. The only prejudice Podium alleges stems from the scheduling of the seven individual depositions, but Podium does not assert the notices of those depositions were untimely or that they were otherwise objectionable. And Podium rejected Defendants' offer to conduct a single 30(b)(6) deposition in lieu of those depositions. Thus, Podium's expenses in scheduling and defending the individual depositions are not attributable to Defendants.

Under these circumstances, good cause exists to extend the fact discovery period for the length of time necessary to permit a 30(b)(6) deposition of Podium.

## CONCLUSION

Defendants' motion, (Doc. No. 197), is GRANTED. While Defendants requested a thirty-day extension of deadlines, a longer extension may now be necessary to permit Podium sufficient time to prepare its witness(es). The parties are ordered to meet and confer regarding an amended scheduling order and the scheduling of Podium's 30(b)(6) deposition. The parties shall file joint or separate proposals for an amended scheduling order within seven days.

DATED this 21st day of June, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge