UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PODIUM CORPORATION INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEKKIT GEOLOCATION SERVICES INC., EUGENE TAGLE, MYLES HIEBERT, DANIEL FAYLE, LEE KLIMPKE, and EMILY FRANZ-LIEN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' SHORT FORM DISCOVERY MOTION FOR *IN CAMERA* REVIEW OF PODIUM'S SLACK MESSAGES (DOC. NO. 204)** <br><br> Case No. 2:20-cv-00352 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Podium Corporation Inc. ("Podium") brought this action against Chekkit Geolocation Services Inc. ("Chekkit"), a competing software company—and current and former employees of Chekkit—alleging these defendants stole Podium's intellectual property and used it to target Podium's customers. (*See* Am. Compl. ¶ 2, Doc. No. 83.) In response to Defendants' discovery requests seeking Podium employees' communications on the messaging platform Slack, Podium redacted and withheld certain Slack messages based on claims of attorney-client privilege. Defendants now move for *in camera* review of the redacted and withheld Slack messages to verify Podium's claim of privilege. ("Mot.," Doc. No. 204.) Because Defendants have provided insufficient information to justify *in camera* review, the motion is denied without prejudice.

"Before ordering an *in camera* review, there must first be [a] sufficient evidentiary showing which creates a legitimate issue as to the application of the privilege asserted." *Byron-Amen v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02364, 2022 U.S. Dist. LEXIS 89648, at *8 (D. Colo. May 18, 2022) (unpublished) (internal quotation marks omitted) (alteration in original). "[A] broad, sweeping assertion that all documents alleged to be privileged should be

1

reviewed *in camera* is insufficient to justify the review." *Id.* *In camera* review "may be useful if there is a genuine dispute between the parties as to the accuracy of the withholding party's description of certain documents." *Deffenbaugh Indus. v. Unified Gov't of Wyandotte Cnty.*, No. 20-2204-JTM-KGG, 2021 U.S. Dist. LEXIS 79243, at *8 (D. Kan. Apr. 26, 2021) (unpublished). But "[t]here is no basis for the [c]ourt to conduct an *in camera* review in situations wherein the privilege log at issue provides sufficient description of the documents withheld, the requesting party hasn't shown that the documents aren't privileged, and the underlying dispute comes down to whether the privileges apply." *Id.* at *8–9 (internal quotation marks omitted).

Podium produced a privilege log identifying 140 redacted or withheld documents and stating the withheld communications reflect attorney-client communications, "legal advice regarding Chekkit's activities in relation to Podium," or "information gathered for and at the request of Podium's in-house legal counsel for the purposes of seeking legal advice regarding Chekkit's activities in relation to Podium." (Ex. A to Opp'n, Doc. No. 206-1.) The privilege log also provides the date of each communication and identifies the parties to the communication. (*Id.*)

Defendants argue the Slack conversations at issue are so heavily redacted that it is impossible to determine their context and whether the withheld messages were sent for the express purpose of obtaining or giving legal advice. (Mot. 2–3, Doc. No. 204.) They note Podium's in-house counsel was not a participant in many of the withheld messages. (*Id.* at 2.) And Defendants state they "have reason to believe based on recent depositions that many of the redacted portions of the Slack messages do not meet the requirements of attorney-client privilege." (*Id.* at 3.)

Defendants fail to present evidence sufficient to raise a legitimate issue as to the application of the privilege, as required to justify *in camera* review.  The mere fact that an attorney was not a party to some of the withheld communications does not automatically defeat a claim of privilege.  *See Plumb v. Whitaker*, No. 2:20-cv-00574, 2021 U.S. Dist. LEXIS 209549, *4 n.10 (D. Utah Oct. 28, 2021) (unpublished).  Defendants' other arguments are conclusory and lack evidentiary support.  Defendants do not attach any examples of the redacted messages at issue, making it impossible to evaluate whether the context supports or undermines Podium's privilege claims.  And the mere fact of redactions is insufficient to raise legitimate questions as to the privilege asserted.  Further, Defendants provide no details regarding the deposition testimony which they assert undermines Podium's privilege claims.  On this record, Defendants fail to show *in camera* review is warranted.

For these reasons, Defendants' motion is denied without prejudice.  Defendants may file a new motion which addresses the deficiencies outlined above.  Defendants must file examples of the documents they contend are improperly redacted and must make a showing sufficient to raise legitimate questions about the privilege asserted.[1]  To the extent they rely on deposition testimony, Defendants must file the relevant portions and explain why the testimony undermines

---

[1] Defendants explain they did not file these documents because Podium designated them as confidential. (Mot. 1 n.1, Doc. No. 204.)  But Defendants may file such documents under seal, accompanied by a motion for leave to file under seal, pursuant to the procedures set forth in DUCivR 5-3.

3

Podium's privilege claims.  Defendants may seek leave to file an overlength motion if necessary to fully develop their arguments.

DATED this 19th day of August, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge